**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SHAHWAN,<br><br>                                                      Plaintiff,<br><br>v.<br><br>MENARD, INC. d/b/a MENARDS,<br><br>                                                      Defendant. | Case No.: 1:23-cv-2603<br><br>Removed from the Circuit Court of Cook County, Case No. 2023L002493 |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant, MENARD, INC. d/b/a MENARDS, by and through its attorneys, hereby removes the above-captioned civil action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

**INTRODUCTION**

1. Defendant seeks removal to federal court based up on 28 U.S.C. § 1441(a) which allows removal of a civil action from a state court to a federal court in circumstances where the federal court would have original jurisdiction over the action.

2. The Court has original jurisdiction over this action based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. The parties are of diverse citizenship—Plaintiff, Michael Shahwan is a citizen of Illinois; Defendant is a Wisconsin corporation with its principal place of business in Wisconsin; and the amount in controversy exceeds $75,000.00.

**BACKGROUND**

4. On March 23, 2023, Plaintiff filed a complaint in the Circuit Court of Cook County, Illinois, styled as *Michael Shahwan v. Menard, Inc.* d/b/a Menards, case no. 2023L002493.

5. Plaintiff seeks damages for various medical expenses and injuries suffered when a wood frame fell from its shelf, striking Plaintiff, at a Menards home improvement retail store in Morton Grove, Illinois.

6. Defendant received the summons and complaint on March 27, 2023.

7. A copy of all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit 1.

## BASIS FOR REMOVAL

8. In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, 204 L.Ed.2d 34 (2019).

9. A defendant may remove to federal court any action filed in state court that could have originally been filed in federal court. 28 U.S.C. § 1441(a).

10. District courts have diversity jurisdiction over all actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of a State and citizens … of a foreign state …." 28 U.S.C. § 1332(a).

11. Plaintiff is a citizen of Illinois.

12. Defendant is a Wisconsin corporation with its principal place of business in Wisconsin.

13. Thus, Defendant is a citizen of Wisconsin.

14. Hence, the parties are diverse in the case at bar.

15. Illinois Supreme Court Rule 222(b) required that Plaintiff attach to his initial pleading an "affidavit that the total money damages sought does or does not exceed $50,000." Ill. S. Ct. R. 222(b).

16. Plaintiff attached an affidavit pursuant to Ill. S. Ct. R. 222(b) to his complaint—averring that the complaint seeks damages in excess of $50,000.

17. On April 19, 2023, Defense counsel conferred with Plaintiff's counsel regarding Plaintiff's damages.

18. Plaintiff's counsel implied that Plaintiff is seeking medical specials for, *inter alia*, "several surgeries."

19. Moreover, Plaintiff alleges:

"the Plaintiff then and there sustained severe and permanent injuries and was and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time…. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries. Further, as a result of his injuries, Plaintiff has lost, and will continue to lose in the future, the value of his wages and/or income."

20. That said, even a modest allowance for pain, suffering, disability, wage loss and future medical expenses is certain to bring the amount in controversy over the $75,000.00 threshold.

21. Accordingly, the amount in controversy requirement is satisfied.

**COMPLIANCE WITH PROCEDURE FOR REMOVAL**

22. Defendant has removed a diversity case to federal court in full compliance with the jurisdictional and procedural requirements for removal set out in 28 U.S.C. §§ 1441 and 1446.

23. Promptly after the filing of this notice of removal, Defendant shall give written notice thereof to Plaintiff's counsel and shall file a copy of the notice with the Clerk of the Circuit Court of the Twelfth Judicial Circuit pursuant to 28 U.S.C. § 1446(d).

DATED: April 26, 2023

Respectfully submitted,

**MENARD, INC. d/b/a MENARDS**

By: /s/ Joseph S. Davidson

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
630-682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

Todd A. Eiler
Marc D. Alberts
ALBERTS CURRAN & EILER P.C.
6 W. Hubbard St.
Suite 250
Chicago, IL 60654
todd@acelawpc.com
marc@acelawpc.com

*/s/ Joseph S. Davidson*