IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SHAHWAN,<br><br>        Plaintiff,<br><br>v.<br><br>MENARD, INC.<br><br>        Defendant. | Case No. 1:23-cv-02603<br><br>Honorable LaShonda A. Hunt<br><br>Honorable Heather K. McShain<br>Magistrate Judge |

**MOTION TO COMPEL DISCLOSURE OF PLAINTIFF'S PERSONS WITH
DISABILITIES CERTIFICATION FOR PARKING PLACARD/LICENSE PLATE FORM (VSD 62)**

  NOW COMES Defendant, MENARD, INC., by and through its attorneys, pursuant to Fed. R. Civ. P. 26 and 45, and moves the Court for an order compelling the Secretary of State's office to produce documents withheld pursuant to 625 ILCS 5/2-123(f-6). In support thereof, Defendant states as follows:

  1. Plaintiff, MICHAEL SHAHWAN, was injured when a wood frame fell from its shelf, striking Plaintiff, at a Menards® home improvement store in Morton Grove, Illinois.

  2. He filed a complaint in the Circuit Court of Cook County and Defendant removed the matter to this Court.

  3. Illinois Office of the Secretary of State is not a party to this action, but instead is in possession of documents (specifically, Plaintiff's Persons with Disabilities Certification for Parking Placard/License Plate Form (VSD 62)) that will lead to the discovery of admissible evidence or that otherwise bear directly on the issues in this case.

  4. For that reason, on July 16, 2024, counsel for Defendant issued a subpoena duces tecum to the Secretary of State's office. See <u>Exhibit A</u>.

  5. The subpoena to the Secretary of State's office was narrowly-tailored and only requested the production of Plaintiff's Persons with Disabilities Certification for Parking Placard/License Plate Form (VSD 62).

6.      In response to the subpoena, the Secretary of State's office stated that 625 ILCS 5/2-123(f-6) prohibits the release or disclosure of highly restricted personal information unless specifically authorized by the Illinois Vehicle Code. *See* Exhibit B.

7.      The Secretary of State's office further stated that 625 ILCS 5/2-123(j) prohibits disclosure unless so directed by a court order. *Id*.

8.      Fed. R. Civ. P. 26(b)(1) provides: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9.      With just one request, the subpoena seeks relevant, proportional information concerning Plaintiff's health—at issue in Plaintiff's action.

10.      Because the Secretary of State's office is a nonparty, Fed. R. Civ. P. 45 is the proper vehicle for Defendant to seek the discoverable materials.

11.      The Secretary of State's office was properly served with a subpoena that included narrowly tailored requests which were relevant to the instant case.

12.      In light of the Secretary of State's office's invitation to do so, and mindful of 625 ILCS 5/2-123(j), the Court should order the production of the documents withheld pursuant to 625 ILCS 5/2-123(f-6).

WHEREFORE, for the reasons stated herein, Defendant, MENARD, INC. respectfully requests the Court enter an order compelling the Secretary of State's office to produce Plaintiff's Persons with Disabilities Certification for Parking Placard/License Plate Form (VSD 62)

DATED: August 14, 2024                      Respectfully submitted,

                                                  **MENARD, INC.**

                                                  By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, to the following non-CM/ECF participants :

Gary Asbell
Office Operations Supervisor, Record Inquiry
Secretary of State Alexi Giannoulias
501 South 2nd Street
Room 626
Springfield, Illinois 62756
gasbell@ilsos.gov

*/s/ Joseph S. Davidson*